IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 10-35732 |
| ISC BUILDING MATERIALS, INC., | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |
| | § | |
| OFFICIAL COMMITTEE OF | § | |
| UNSECURED CREDITORS | § | |
| OF THE BANKRUPTCY ESTATE OF | § | ADVERSARY PROCEEDING |
| ISC BUILDING MATERIALS, INC., | § | |
| | § | NO. 10-_____ |
| Plaintiff, | § | |
| vs. | § | |
| | § | |
| COMERICA BANK, | § | |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Plaintiff, the Official Committee of Unsecured Creditors (the "Committee") of the bankruptcy estate (the "Estate") of ISC Building Materials, Inc. (the "Debtor"), hereby files this Original Complaint (the "Complaint") initiating this adversary proceeding (the "Adversary"), and alleges as follows:

### I.   PARTIES

1.  Plaintiff is the Committee of the Debtor's Estate and can be served through its counsel, Christopher Adams, Okin Adams & Kilmer LLP, 1113 Vine St., Suite 201, Houston, Texas 77002.

2.  Comerica Bank ("Comerica") is the Debtor's lender and may be served with process by first-class mail by serving its registered agent, CT Corporation System at 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201-4234.  Copies of this Complaint will also be served upon

Comerica's Vice President, Barry Carroll at 1508 West Mockingbird, Dallas, Texas 75235 and counsel, J. Frasher Murphy, Winstead PC at 1201 Elm St., Ste. 5400, Dallas, Texas 75270.

## II.     JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334. This action is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (H), and (O). Accordingly, this Court may enter final orders and judgments under 28 U.S.C. § 157.

4. Comerica has filed proof of claim no. 121 in the Debtor's bankruptcy case and is subject to personal jurisdiction in this Court.

5. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. §§ 1408 and/or 1409, because the Debtor's bankruptcy case is pending in this district.

6. The Court has authority to grant the relief requested in this Complaint pursuant to Sections 105, 541, 544, 548, and 550 of the Bankruptcy Code as well as other applicable statutes and state law.

## III.     FACTUAL BACKGROUND

7. On or about March 7, 2005, the Debtor entered into a credit facility (the "Credit Facility") with Comerica. The Credit Agreement was subsequently amended and extended multiple times. Upon information and belief, the Debtor agreed to pledge certain property to Comerica as security for the Credit Facility. Upon information and belief, Comerica failed to provide the Debtor reasonably equivalent value in exchange for pledging its property as additional security for the Credit Facility, which already existed. Upon information and belief, Comerica obtained additional security from the Debtor and reduced the amount of the Credit Facility at a time when Comerica knew or should have known that the Debtor was insolvent or on the brink of insolvency and to the detriment of the Debtor and its other creditors.

8.     On July 6, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.  The Debtor continues to operate its businesses and manage its properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

9.     The Plaintiff now brings this action to avoid Comerica's alleged liens on certain property of the Debtor.

### IV.   CAUSES OF ACTION

#### A.  FIRST CAUSE OF ACTION

**FRAUDULENT TRANSFERS PURSUANT TO SECTION 544 OF THE BANKRUPTCY CODE AND THE TEXAS UNIFORM FRAUDULENT TRANSFER ACT ("TUFTA") SECTION 24.005**

10.    Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 9 as though they were repeated in full herein.

11.    As described above, upon information and belief, Comerica failed to provide the Debtor reasonably equivalent value in exchange for pledging certain property as security for the Credit Facility.

12.    The Plaintiff brings claims on behalf of the Estate and its creditors pursuant to Section 24.005 of the TUFTA, as made applicable by Section 544 of the Bankruptcy Code. Section 24.005(a)(1) of TUFTA provides that a transfer is fraudulent as to a creditor if the debtor made the transfer with actual intent to hinder, delay or default any creditor of the debtor.

13.    Under Section 24.005(b) of TUFTA, a court may consider certain factors when determining the intent of a transferor, including, among others, whether a) the debtor retained possession or control of the property transferred after the transfer; b) the transfer was concealed;

3

c) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; d) the transfer was of substantially all the debtor's assets; e) the debtor absconded; f) the debtor removed or concealed assets; g) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; and h) the transfer occurred shortly before or shortly after a substantial debt was incurred.

14. Based on the above factors, the Debtor's transfers of its property as security to Comerica were clearly made with actual intent to hinder, delay or defraud the Debtor's creditors, such that the transfers are fraudulent pursuant to Section 24.005(a)(1) of TUFTA.

15. Consequently, the Plaintiff is entitled to avoidance of the fraudulent transfers to satisfy creditor claims pursuant to Sections 24.008(a)(1) and 24.009(b) of TUFTA and any other relief the circumstances may otherwise warrant pursuant to those sections.

16. Section 550 of the Bankruptcy Code allows the Plaintiff to recover the property transferred for the benefit of the Estate. Therefore, pursuant to Section 550 of the Bankruptcy Code, Comerica is liable for the fraudulent transfers.

17. Pursuant to Section 546 of the Bankruptcy Code and Section 24.010(a)(1) of TUFTA, the Plaintiff brings these claims within two years of the Petition Date, and the Petition Date was within one year after the fraudulent transfers were or could reasonably have been discovered.

### B. SECOND CAUSE OF ACTION

**FRAUDULENT TRANSFERS PURSUANT TO SECTION 544
OF THE BANKRUPTCY CODE AND THE TEXAS UNIFORM FRAUDULENT
TRANSFER ACT ("TUFTA") SECTION 24.006**

18. The Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 17 as though they were repeated in full herein.

19. The fraudulent transfers were fraudulent under TUFTA because such transfers were made as to a creditor whose claim arose prior to the transfers or incurred the obligation prior to the transfers and:

    a. The Debtor failed to receive reasonably equivalent value in exchange for the transfer or obligation; and

    b. The Debtor was insolvent at that time, or in the alternative, became insolvent as a result of the transfer or obligation.

20. The Plaintiff is entitled to a determination and to declaratory relief that all such transfers are fraudulent and void, and to recover the above mentioned fraudulent transfers and other transfers, or the value of such property transferred, from Comerica as transferee of such transfers and/or for whose benefit such transfers were made; and/or as immediate or mediate transferee or such transfers. *See* 11 U.S.C. § 550.

## C. THIRD CAUSE OF ACTION

**FRAUDULENT TRANSFERS PURSUANT TO SECTION 548
OF THE BANKRUPTCY CODE**

21. The Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 20 as though they were repeated in full herein.

22. The Plaintiff submits that the fraudulent transfers may be avoided by the Plaintiff pursuant to Section 548 of the Bankruptcy Code.

23. The fraudulent transfers were made to or for the benefit of Comerica within two years before the date of the filing of the petition and

    a. The fraudulent transfers were made with actual intent to hinder, delay, or defraud an entity or entities to which the debtor was or would become, on or after the date such transfer was made, indebted; or

    b. The Debtor received less than equivalent value in exchange for the fraudulent transfers; and

      (i)      The Debtor was insolvent at the time the fraudulent transfers were made, or became insolvent as a result of the fraudulent transfers; or

      (ii)      The Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which property remaining with the Debtor was an unreasonably small capital; or

      (iii)      The Debtor intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as such debts matured; or

      (iv)      The fraudulent transfers were made to or for the benefit of an insider employee outside the ordinary course of business.

24. The Plaintiff is entitled to a determination and to declaratory relief that all such transfers are fraudulent and void, and to recover the fraudulent transfers, or the value of such property transferred, from Comerica as transferee of such transfers and/or for whose benefit such transfers were made; and/or as immediate or mediate transferee or such transfers. *See* 11 U.S.C. § 550.

## D. FOURTH CAUSE OF ACTION

### RECOVERY OF PROPERTY OR THE VALUE THEREOF UNDER SECTION 550 OF THE BANKRUPTCY CODE

25. The Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 24 as though they were repeated in full herein.

26. Pursuant to 11 U.S.C. § 550, to the extent that the fraudulent transfers are avoided under Sections 544 or 548, the Plaintiff is entitled to recover, for the benefit of the Estate, the property transferred, or the value of such property from Comerica as transferee, a person for whose benefit the transfers were made, and mediate or immediate transferee.

## E. FIFTH CAUSE OF ACTION

### NEGLIGENCE / GROSS NEGLIGENCE

27. The Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 26 as though they were repeated in full herein.

6

28. Comerica was negligent, grossly negligent and/or acted with reckless disregard in violation of his duties toward the Debtor.

29. Such conduct by Comerica proximately caused significant damage to the Debtor and its creditors, and the Plaintiff is entitled to recover all such damages from Comerica.

30. Such conduct by Comerica was undertaken with a state of mind for which the law permits the imposition of exemplary damages, and the Plaintiff is entitled to recover exemplary damages from Comerica.

### F. SIXTH CAUSE OF ACTION

### CONSTRUCTIVE FRAUD

31. The Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 30 as though they were repeated in full herein.

32. Comerica engaged in constructive fraud on the Debtor through the acts and omissions set forth above. Comerica was directly or indirectly in a position of control, authority and confidence with respect to the Debtor and its creditors, but acted in a manner so as to abuse the Debtor and its creditors for his own direct or indirect benefit.

33. The Plaintiff is entitled to recover from Comerica all actual damages proximately caused to the Debtor and its creditors by such constructive fraud.

34. Such conduct by Comerica was undertaken with a state of mind for which the law permits the imposition of exemplary damages, and the Plaintiff is entitled to recover exemplary damages from Comerica.

### V. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that the Court enter judgment in its favor against Comerica as follows:

a. avoiding each of Comerica's alleged liens based upon fraudulent transfers of the Debtor's property to Comerica as collateral and ordering the return to the Estate of the subject property and/or the value of the subject property;

b. awarding damages plus the maximum allowable interest thereon;

c. awarding the Plaintiff its costs of suit, including its reasonable attorney's fees; and

d. awarding the Plaintiff such other and further relief, both at law and in equity, to which the Plaintiff is justly entitled.

Dated: November 26, 2010.

Respectfully Submitted,

**OKIN ADAMS & KILMER LLP**

By: */s/ Christopher Adams*
Christopher Adams
Texas Bar No. 24009857
Email: cadams@oakllp.com
Maggie D. Conner
Texas Bar No. 24038439
Email: mconner@oakllp.com
Renee Moxley
Texas Bar No. 24065799
Email: rmoxley@oakllp.com
1113 Vine St. Suite 201
Houston, TX 77002
Tel: (713) 228-4100
Fax: (888) 865-2118

**COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**