UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 10-35732 |
| ISC Building Materials, Inc., | § | |
| | § | CHAPTER 11 |
| Debtor | § | |

### DEBTOR'S MOTION FOR APPROVAL OF SALES AND BIDDING PROCEDURES

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

**TO THE HONORABLE KAREN BROWN, UNITED STATES BANKRUPCY JUDGE:**

COMES NOW, ISC Building Materials, Inc. ("ISC" of "Debtor") and respectfully submits this Motion for Approval of Sales and Bidding Procedures to govern the procedures of the sale, in Lots, of all or substantially all of the assets of the Debtor, and respectfully says as follows:

### I. JURSIDICTION AND VENUE

1. The Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

2.      The Debtor commenced this bankruptcy case by filing a voluntary Chapter 11 on July 6, 2010.

3.      The United States Trustee created the Official Committee of Unsecured Creditors (the "Committee") by appointment. The Committee is represented by Attorney Christopher Adams of Okin, Adams and Kilmer, PC.

4.      The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105, 363(b), 363(f) and 365(a), and Rules 2002, and 6004 of the Federal Rules of Bankruptcy Procedure.

## III. RELIEF REQUESTED

5.      The Debtor moves the Court to enter an order pursuant to 11 U.S.C. §§ 105 and 363 approving the bidding procedures for the sale of substantially all of the debtor's assets (the "Assets") and granting related relief. The Purchaser shall be identified at the Auction outlined in the Bidding Procedures, attached hereto as **Exhibit "A."**

6.      Debtor has filed its Plan of Reorganization and Disclosure Statement with the court this date. The Plan or reorganization contemplates a Sale of the assets in Lots as developed through the marketing efforts of GulfStar Group, II, Ltd employed in this case to take the Debtor's company to market.

7.      Offers submitted by parties desiring to become Stalking Horse bidders contain inconsistent provisions respecting the manner and method of sale and break up fees. All offers are contingent on continued operation of the company up to closing and

all offers are contingent on timely bringing the sale process to a close.

8.  Debtor files this motion is in an attempt to maximize the quality of bids being made for the purchase of the assets by clarifying the bidding procedures and securing the Court's approval of the process.  Debtor believes the Bidding Procedures subject the sale to competitive market forces and permit interested parties an opportunity to evaluate the Assets and make an informed bid.  Debtor anticipates that this process will create additional interest in the Assets and yield additional consideration for the creditors.

9.  Debtor believes that this process will ensure a sale for the highest and best offer by exposing the assets to a broad, diverse and competitive market.  The Bidding Procedures will facilitate the process and ensure an orderly process necessary to the generation of the highest and best bids for the assets.  The Bidding Procedures attempt to expedite the sale of the assets while also promoting participation and active bidding in a controlled, fair and open process.  The proposed procedures will work equally well, once approved, whether the sale(s) occur as part of a confirmed Plan of Reorganization, or, as independent sales pursuant to 11 USC 363.  Ultimately, Debtor's financial condition during the Plan Confirmation process, market demand conditions, and the patience level of particular buyers will determine whether Debtor takes the additional step of proposing Section 363 sales, or simply relies upon the Plan Confirmation process to authorize the actual sales.

10.  Debtor seeks an order that approves the bidding procedures as outlined in **Exhibit "A" these procedures include the Escrow Account Agreement attached to the Procedures.**

9.  Debtor asserts that the Bidding Procedures provide a fair and reasonable

means of insuring sale of the assets under the best terms and, therefore, should be approved by the Court.

12. No sale shall be complete until and unless approved by the Court either by way of Confirmation of the Debtor's Plan or Reorganization or by way of the Court's approval of any Motion to Sale pursuant to 11 USC 363.

13. Debtor articulates the follow business justifications for seeking sale of substantially all of the assets at this time, which justifications Debtor judges to be sound: (a) Debtor has limited resources with which to maximize the value of the assets and continue effective and efficient operations without additional cash or financing; (b) additional cash capital and/or financing does not appear to be readily available; (c) if the assets are retained, it is likely that Debtor will not be able to continue operations for long; (d) if operations are discontinued, it is likely that the value of the assets will be decimated; (e) the business (assets) are worth more as a "going concern;" and (f) the senior secured lender, Comerica Bank, is unwilling to participate in further reorganization efforts beyond the support outlined in the DIP financing agreement to bring the company to sale and close those sales.

14. The relief requested is appropriate under the Court's equitable powers pursuant to 11 U.S.C. § 105(a) and its authority to approve sales under 11 U.S.C. § 363(b).

15. Based on the foregoing, the relief requested herein is necessary, appropriate and in the best interests of the Debtor, the Debtor's estate and the creditors, and should be granted in all respects.

WHEREFORE, the Debtor prays that this Court enter an order approving the

Sales and Bidding Procedures attached hereto, and granting such additional relief as this Court deems equitable and just.

Dated:   December 31, 2010.

          Respectfully submitted,
          ISC Building Materials, Inc.
          by its attorneys,

          Wyatt Legal Services, PLLC

          _____/s/ Don Wyatt_____
          Donald L. Wyatt, Jr.
          Texas Bar No. 24039262
          26418 Oakridge Drive
          The Woodlands, Texas 77380
          281-419-8733
          281-419-8703 Fax
          don.wyatt@wyattpllc.com