IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
(HOUSTON)

In re: )
 )
ISC Building Materials, Inc. ) Case No. 10-35732
A Texas Close Corporation, ) (Chapter 11)
 )
Debtor. )
 )

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION DATED February 9, 2011.**

On February 10, 2011, this Court held a hearing to consider confirmation of the Debtor's Second Amended Plan of Reorganization (the "Plan") filed on February 9, 2011. Appearing on behalf of the Debtor at the hearing was Donald L. Wyatt. All other appearances are reflected in the record. The Court considered: the Plan; the Ballot Summary; the Declarations of Brent Burns and Bryan Frederickson, submitted in support of Plan Confirmation; the Debtor's Disclosure Statement and attachments thereto; the testimony of witnesses and the representations of counsel made at the hearing; and the facts and circumstances of this case. There were no objections to confirmation of the Plan filed or asserted before or at the hearing that had not been disposed of by agreement prior to the conclusion of the hearing. In accordance with the hearing on February 10, 2011, this Court being fully advised on the premises and good cause appearing therefore, this Court makes the following findings of fact and conclusions of law.

1. ISC Building Materials, Inc., (the "Debtor") is the debtor and debtor in possession in the above-captioned chapter 11 case, having filed a voluntary chapter 11 petition on July 6, 2010.

2. The Debtor's Disclosure Statement (the "Disclosure Statement"), referring to the Plan, was approved by the Court pursuant to an order entered on *January 28, 2011*. Notice of the hearing on confirmation of the Plan was proper and appropriate as was notice of the deadlines for filing objections to the Plan and for the submission of Ballots with respect to the Plan.

3. The Plan divides the claims of creditors and interest holders into five (5) classes. Only classes of creditors and interest holders with claims or interests impaired under a plan of reorganization are entitled to vote on a plan. The Classes of creditors not impaired under the Plan are Classes l, and 2. Classes 3, 4 and 5 are impaired under the Plan and the members of these impaired classes were entitled to vote to accept or reject the Plan. In accordance with an order of the Court entered on January 28, 2011, in order to be counted, Ballots with respect to the Plan completed by members of Classes 3, 4 and 5 had to be received by counsel for the Debtor no later than February 9, 2011.

4. Under section ll26(c) of the Bankruptcy Code (11 U.S.C. § 1126(c)) an impaired class of claims is deemed to have accepted the Plan if class members holding at least two-thirds *(2/3)* in amount and more than one half *(1/2)* in number of all allowed claims of class members actually voting have voted in favor of the Plan. Under section 1126(d) of the Bankruptcy Code (11 U.S.C. § 1126(d)), an impaired class of interests is deemed to have accepted the Plan if class members holding at least two-thirds *(2/3)* in amount of the allowed interests of class members actually voting have voted in favor of the Plan.

5. In this case, the requirements of section 1126 of the Bankruptcy Code have been satisfied. All interest holders (members of Class 5) voting on the Plan have voted in favor of the Plan. All members of Class 3 who voted, voted in favor of the Plan. Of the Class 4 claimants who voted,

100% timely voting on the Plan have voted in favor of the Plan. Class 5, Equity, represented by Allan Burns, voted in favor of the Plan.

6. Bankruptcy Code section 1129 contains the standards for confirmation of a plan under chapter 11.

7. When a plan of reorganization satisfies each of the requirements contained in section 1129(a), the court shall confirm the plan without considering section 1129(b). *See* 11 U.S.C. §§ 1129(a) and (b); *In re Texaco Inc.*, 84 B.R. 893, 910 (Bankr. S.D.N.Y. 1988). Specifically, section 1129(b) only applies if a class whose claims or interests are impaired does not accept the plan as required by section 1129(a)(8). 7 Collier on Bankruptcy 1129.03[8], p. 1129-54 (Matthew Bender 15th Ed. Revised). Moreover, a plan of reorganization need only satisfy the requirements of section 1129(b) with respect to classes that voted against the plan. *Kane v. Johns-Manville Corp.*, 843 F.2d 636, 650 (2nd Cir. 1988). In this case, all impaired classes have voted in favor of the Plan.

8. Bankruptcy Code section 1129(a)(1) permits the court to confirm a plan only if the plan complies with the applicable provisions of title 11, United States Code (the "Bankruptcy Code"). Section 1122 governs classification of claims and interests and section 1123 sets forth the provisions that are required to be included, and those that may be included, in a plan of reorganization. 11 U.S.C. §§ 1122 and 1123.

9. Bankruptcy Code section 1123(a)(1) requires that a plan designate, subject to Bankruptcy Code section 1122, classes of claims, other than claims of a kind specified in sections 507(a)(l) (administrative expenses), 507(a)(2) (involuntary case gap claims), or 507(a)(7) (certain

unsecured tax claims) and classes of interests. In designating Classes I through 5 in the Plan, the Debtor has satisfied the requirement of 11 U.S.C. § 1123(a)(1).

10. In the Plan, the Debtor has appropriately not sought to classify section 507(a)(1) and (7) priority claims. The Plan sets forth the treatment of "Administrative Expenses and Unclassified Claims". The designation of such claims under the Plan is in accordance with section 1123(a)(l).

11. Bankruptcy Code section 1122(a) does not require that similar claims necessarily be placed in the same class. Congress intended to afford bankruptcy judges' broad discretion to decide the propriety of plans in light of the facts of each case. *See In re U.S. Truck Co., Inc.,* 800 F.2d 581, 584-586 (6th Cir. 1986) (discussing the legislative history of section 1122). Moreover, Congress intended that the proponent of a plan have flexibility in classifying claims.

12. The Plan, designating classes of claims and interests under the Plan, places only claims or interests in each particular class that are substantially similar to the other claims or interests in the class. The Plan therefore complies with section 1122(a). *See In re Texaco Inc.,* 84 B.R. at 905.

13. Bankruptcy Code section 1123 describes mandatory and permissive plan provisions. Section 1123(a) sets forth required provisions of a plan. Section 1123(b) suggests certain discretionary plan provisions.

14. Bankruptcy Code section 1123(a)(1) states that a plan must designate, subject to Bankruptcy Code section 1122, classes of claims, other than claims for administrative expenses (section 507(a)(1)), gap claims in involuntary cases (section 507(a)(2)), and certain unsecured tax claims (section 507(a)(7)), and classes of interests. The Plan designates classes of claims and interests

in accordance with section 1122. Thus, the Plan complies with section 1123(a)(1). *See In re Texaco Inc.,* 84 B.R. at 905.

15. Bankruptcy Code section 1123(a)(2) requires that a plan specify any class of claims or interests that is not impaired under the plan. 11 U.S.C. § 1123(a)(2). The Debtor meets this requirement by specifying the Classes that are not impaired under the Plan. *See In re Texaco Inc.,* 84 B.R. at 905. Classes 1 and 2 are not impaired under the Plan. The treatment of the holders of allowed claims in these unimpaired classes is set forth in the Plan.

16. Bankruptcy Code section 1123(a)(3) requires that a plan specify the treatment of any class of claims or interests that is impaired under the Plan. With the exception of claims falling within Bankruptcy Code sections 507(a)(l), (a)(2) and (a)(7), every claim and interest in a Chapter 11 case must be placed in a class and every class must be designated as impaired or unimpaired. *See* 11 U.S.C. §§ 1123(a)(1) and (a)(2). The Plan satisfies these requirements. Classes 3, 4 and 5 are impaired under the Plan. If a class is impaired, section 1123(a)(3) requires that the Plan specify how the class is to be treated. The Plan specifies the treatment of classes of claims (Classes 3 and 4) and interests (Class 5) that are impaired under the Plan. The discussion of the treatment of classes under the Plan satisfies the requirement of 11 U.S.C. § 1123(a)(3). *See In re Texaco Inc.,* 84 B.R. at 905.

17. Bankruptcy Code section 1123(a)(4) requires that a plan provide the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agrees to a less favorable treatment. 11 U.S.C § 1123(a)(4). Thus, once a plan has classified creditors, it must provide the same treatment for each claim or interest of a particular class, unless the holder agrees to less favorable treatment. *See Acequia, Inc. v. Clinton (In re Acequia, Inc.),* 787 F.2d

1352, 1362-63 (9th Cir. 1986). However, section 1123(a)(4) only requires equality of treatment of claims or interests placed in the same class. *Id.* at 1363; *In re Jersey City Medical Center,* 817 F.2d 1055, 1061 (3rd Cir. 1987). The Plan provides for the same treatment for each claim or interest of a particular class. Thus, the Plan complies with 11 U.S.C. § 1123 (a)(4). *See In re Texaco Inc.,* 84 B.R. at 905.

18. Bankruptcy Code section 1123(a)(5) requires that a plan provide adequate means for the plan's implementation and provides a number of examples of methods for doing so. 11 U.S.C. § 1123(a)(5); *see In re Texaco Inc.,* 84 B.R. at 905. The alternatives set forth in section 1123(a)(5) may be proposed by a plan proponent notwithstanding non bankruptcy law or agreements. The examples of adequate means for implementation of a plan provided in section 1123(a)(5) are illustrative and the section does not exclude or limit any other means. The Plan provides adequate means for the Plan's implementation, including the sale of property of the estate as suggested by 11 U.S.C. § 1123(a)(5)(D).

19. Bankruptcy Code section 1123(a)(6) requires that a plan provide for the inclusion in the charter of the debtor, if the debtor is a corporation, of a provision prohibiting the issuance of nonvoting equity securities, and providing, as to the several classes of securities possessing voting power an appropriate distribution of such power among such classes, including, in the case of any class of equity securities having a preference over another class of equity securities with respect to dividends, adequate provisions for the election of directors representing such preferred class in the event of default and the payment of such dividends. The Plan does not provide for the issuance of equity securities but only for the issuance of common voting shares. In addition, the Plan restricts issuance of shares to those which would not offend the provisions of the Code.

20. Bankruptcy Code section 1123(a)(7) states that a plan shall contain only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the plan and any successor to such officer, director or trustee. 11 U.S.C. § 1123(a)(7). Section 1129(a)(5), which is discussed below, augments section 1123(a)(7) and requires, as a condition of confirmation, that the proponents of the plan disclose the identity and affiliation of any individuals proposed to serve, after confirmation of the plan, as directors, officers, or voting trustees of the debtor, or of an affiliate of the debtor participating in a joint plan with the debtor, or of a successor to the debtor under the plan. In addition, section 1129(a)(5)(A)(ii) requires that the appointment or continuance of any director, officer or voting trustee be consistent with "the interests of creditors and equity security holders and with public policy." 11 U.S.C. § 1129(a)(5).

21. Bankruptcy Code section 1123(a)(7) is satisfied in this case in that the identity of Trustees, directors and officers, as the case is either identified specifically in the Plan or pursuant to the Plan has been designated by the terms of the Confirmation Order. The Plan complies with section 1123(a)(7). *See In re Texaco Inc.,* 84 B.R. at 906.

22. Section 1123(b) suggests certain permissive plan provisions. 11 U.S.C. § 1123(b); *see In re Texaco Inc.,* 84 B.R. at 906. Several of these discretionary provisions are contained in the Plan. The Plan specifically includes a number of the suggested discretionary Plan provisions set forth in 11 U.S.C. § 1123(b), including providing for the sale of substantially all of the property of the estate in accordance with 11 U.S.C. § 1123(b)(4).

23. Section 1123(b)(5) also permits a plan to contain "any other appropriate provision not inconsistent with the applicable provisions of this title". The Plan does not contain any provision that is inconsistent with the applicable provisions of the Bankruptcy Code.

24. The Plan complies with both section 1122 and with the mandatory and permissive provisions of section 1123. Moreover, the Plan does not violate any other applicable provision of title 11. Therefore, the Plan satisfies the requirements of section 1129(a)(I). *See In re Texaco Inc.,* 84 B.R. at 906.

25. Bankruptcy Code section 1129(a)(2) states that the court shall confirm a plan only if the proponent of the plan complies with the applicable provisions of the Bankruptcy Code. The principal purpose of section 1129(a)(2) is to require, as a condition of confirmation, that the court ascertain whether the proponent of the plan under consideration has complied with the requirements of section 1125 in the solicitation of acceptances of the plan. *See In re Texaco Inc.,* 84 B.R. at 906-907, *citing In re Toy & Sports Warehouse, Inc.,* 37 B.R. 141, 149 (Bankr. S.D.N.Y. 1984). Under section 1125, a post-petition solicitation of votes on a plan is improper unless the court has approved a written disclosure statement filed with the plan. *See In re Media Cent., Inc.,* 89 B.R. 685, 688 (Bankr. E.D. Tenn. 1988). The primary purpose of a disclosure statement is to give creditors and interest holders the information they need to decide whether to accept the plan. *In re Monnier Brothers,* 755 F.2d 1336, 1342 (8th Cir. 1985). A disclosure statement need not comply with the disclosure standards of the federal securities laws. *Kirk* v. *Texaco, Inc.,* 82 B.R. 678, 681 (S.D.N.Y. 1988). Bankruptcy judges have broad discretion in reviewing disclosure statements and what constitutes adequate information and any particular instance will develop on a case-by-case basis. *See Kirk,* 82 B.R. at 682; *In re Monnier Brothers,* 755 F.2d at 1342.

26. The court approved the Disclosure Statement, finding that it contained adequate information. Thereafter, the Debtor timely mailed the Disclosure Statement and the Plan in accordance with the court's order approving the Disclosure Statement. The Debtor has complied with all other applicable provisions of title 11 and, therefore, has satisfied the requirement of section 1129(a)(2).

27. Bankruptcy Code section 1129(a)(3) requires that a plan be proposed in good faith and not by any means forbidden by law. 11 U.S.C. § 1129(a)(3); *see Kane* v. *Johns-Manville Corp.,* 843 F.2d at 649; *Hanson* v. *First Bank of South Dakota, N.A.,* 828 F.2d 1310, 1315 (8th Cir. 1987); *In re Sound Radio, Inc.,* 93 B.R. 849, 853 (Bankr. D.N.J. 1988); *In re Texaco Inc.,* 84 B.R. at 907; and *In re Future Energy Corp.,* 83 B.R. 470, 486 (Bankr. S.D. Ohio 1988). This requirement is to be read restrictively. *In re Victory Construction Co.,* 42 B.R. 145, 149 (Bankr. C.D. Cal. 1984). The term "good faith" is not specifically defined in the Code. *See Hanson,* 828 F.2d at 1315; *In re Madison Hotel Associates,* 749 F.2d 410, 424 (7th Cir. 1984); *In re Texaco Inc.,* 84 B.R. at 907; and *In re Future Energy Co.,* 83 B.R. at 486. However, in the context of section 1129(a)(3), some courts have interpreted "good faith" to mean that there exists "a reasonable likelihood that the plan will achieve a result consistent with the objectives and purposes of the Bankruptcy Code." *In re Nite Lite Inns,* 17 B.R. 367, 370 (S.D. Cal. 1982); *see Hanson,* 828 F.2d at 315; *In re Madison Hotel Associates,* 749 F.2d at 425; *In re Coastal Cable T. V., Inc.,* 709 F.2d 762, 764 (1st Cir. 1983); *In re Sound Radio, Inc.,* 84 B.R. at 853; *In re Texaco Inc.,* 84 B.R. at 907*; In re Future Energy Corp.,* 83 B.R. at 486. Other courts have held that the good-faith test of section 1129(a)(3) requires that "the plan was proposed with honesty and good intentions and with a basis for expecting a reorganization can be effected." *Koelbl* v. *Glessing,* 751 F.2d 137, 139 (2nd Cir. 1984), *quoting Manati Sugar Co. v. Mock,* 75 F.2d 284,

285 (2nd Cir. 1935); *see Kane* v. *Johns-Manville Corp.,* 843 F.2d at 649. The court's determination of the "good faith" proposal of a plan under section 1129(a)(3) must be made in light of "the totality of the circumstances surrounding confirmation" of the plan. *In re Jasik,* 727 F.2d 1379, 1383 (5th Cir. 1984), *citing Public Finance Corp.* v. *Freeman,* 712 F.2d 219, 221 (5th Cir. 1983); *see In re Madison Hotel Associates,* 749 F.2d at 425; *In re Sound Radio, Inc.,* 93 B.R. at 853; *In re Texaco Inc.,* 84 B.R. at 907; and *In re Future Energy Corp.,* 83 B.R. at 486. Because no timely objection to the Plan raising a failure to comply with section l129(a)(3) has been filed, the Court may determine that the Plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues. *See* Rule 3020(b)(2) of the Federal Rules of Bankruptcy Procedure.

28. The proposal of the Plan is consistent with the objectives and purposes of the Bankruptcy Code and was made with honesty and good intentions and with a basis for expecting that, under the circumstances, it was the best means for maximizing any recovery by creditors of the Debtor. Therefore, the Plan has been proposed in good faith, not by any means forbidden by law, and complies with section 1129(a)(3).

29. Bankruptcy Code section 1129(a)(4) requires that any payment made or to be made by the proponent, the debtor, or by a person issuing securities, or acquiring property under the plan, for services or for costs and expenses in connection with the case, or in connection with the plan and incident to the case, has been approved by, or is subject to the approval of the court, as reasonable. 11 U.S.C. § 1129(a)(4); *see In re Texaco Inc.,* 84 B.R. at 907-908; *In re Future Energy Corp.,* 83 B.R. at 487-488; 7 Collier on Bankruptcy, 1129.03[4], p. 1129-38-39 (Matthew Bender 15th Ed. Revised). The Plan provides that all professionals employed at the expense of the Estate, and any entities which may be entitled to an allowance of fees and

expenses from the Estate pursuant to § 503(b)(2) through (6) of the Code, shall receive cash in the amount awarded to such professionals and entities as soon as practicable after an order is entered by the Court approving such award. Said procedure for review and ultimate determination by the court of the professional fees and expenses to be paid by the Debtor satisfies the requirement of section 1129(a)(4). *See In re Sound Radio, Inc.,* 93 B.R. at 854; *In re Texaco Inc.,* 84 B.R. at 908; *In re Future Energy Corp.,* 83 B.R. at 488. "Court approval of payments for services and expenses is governed by various Code provisions - *e.g.,* §§ 328, 329, 330, 331 and 503(b) - and need not be explicitly provided for in a Chapter 11 plan." *In re Future Energy Corp.,* 83 B.R. at 488. Thus, the Plan complies with section 1129(a)(4).

30. Bankruptcy Code section 1129(a)(5)(A) requires the proponents of a plan to disclose the identity and affiliations of any individual proposed to serve after confirmation as a director, officer or voting trustee of the debtor, an affiliate of the debtor participating in a joint plan with the debtor, or a successor of the debtor under the plan, and requires the appointment or continuance of such individual to be consistent with the interest of creditors and equity security holders and with public policy. 11 U.S.C. § 1129(a)(5); *see In re Texaco Inc.,* 84 B.R. at 908. This section augments section 1123(a)(7). Section 1129(a)(5)(A) is not applicable. In this case if the assets of the Debtor are disposed of pursuant to a Sale of the Drywall division, then the Debtor's operations cease and all assets of the Debtor remaining after closing applicable sales are vested in a liquidating Trustee. That Trustee is identified in the Confirmation Order pursuant to the terms of the Plan. If the assets of the Debtor are disposed of pursuant to a Family Reorganization Plan then the shareholders, directors and officers are identified in the Plan. Therefore, the requirements of section 1129(a)(5)(A), to the extent applicable, have been satisfied. *See In re Texaco Inc.,* 84 B.R. at 908.

31. Section 1129(a)(5)(B) requires the proponent of the plan to disclose the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider. *See In re Texaco Inc.,* 84 B.R. at 910. The term insider is defined in section 101(31). *See* 11 U.S.C. § 101(31). In the event of a Sale of the Drywall division, there are no insiders who will continue to be employed by the Debtor after closing of all contemplated transactions relative to the sale. If assets of the Debtor are disposed of pursuant to a Family Reorganization Plan then Allan Burns and Brent Burns, insiders, are clearly identified in their ongoing roles with the company.

32. Section 1l29(a)(6) requires as a condition precedent to confirmation that any governmental regulatory entity with jurisdiction, after confirmation of the plan, over the rates of the debtor has approved any rate change provided for in the plan, or such rate change is expressly conditioned on such approval. There are no such regulating agencies involved in this case, section 1129(a)(6) does not apply. *See In re Sound Radio, Inc.,* 93 B.R. at 854; *In re Texaco, Inc.,* 84 B.R. at 908.

33. Bankruptcy Code section 1129(a)(7) sets forth the "best interest of creditors" test. 11 U.S.C. § 1129(a)(7); *see Kane v. Johns-Manville Corp.,* 843 F.2d at 649; *In re Texaco Inc.,* 84 B.R. at 908-909; *In re Victory Construction Co., Inc.,* 42 B.R. at 151; *In re Toy & Sports Warehouse, Inc.,* 37 B.R. at 150. Subsection 1129(a)(7) provides that with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the Plan *or* will receive or retain under the Plan property of a value, as of the Effective Date, not less than the amount that such holder would receive or retain if the Debtor were liquidated under chapter 7 on such date. 11 U.S.C. § 1129(a)(7).

34. In this case each holder of a claim or interest of each impaired class (Classes 4 and 5) has either accepted the Plan or will receive property of a value as of the Effective Date, not less than the amount that such holder would receive or retain if Debtor were liquidated under Chapter 7. The heart of the Plan is an auction process whereby the assets of the Debtor will be sold, either to the highest cash bidder produced after months of marketing efforts by Debtor's investment banking firm, GulfStar Group, II, Ltd., or to the Burns Family under a Family Reorganization Plan. In either case, the court finds that the marketing and sales process has resulted in the highest and best disposition of the assets of the Debtor. Moreover, the Plan provides for the most efficient and economical means of distribution of the Acquisition proceeds. Conversion of this chapter 11 case to a chapter 7 liquidation case would result in additional delay and expense and would reopen the bar date for filing claims. This would diminish the Acquisition Proceeds available for distribution to creditors. Accordingly, under the Plan, any recovery by creditors will exceed that which would occur in a chapter 7 liquidation. Therefore, the Plan satisfies the "best interest of creditors" test of 11 U.S.C. § 1129(a)(7).

35. Section 1129(a)(8) requires that each class of claims or interests either accepts the plan or is not impaired under the plan. 11 U.S.C. § 1129(a)(8); *see In re Texaco Inc.,* 84 B.R. at 909.

36. Whether a class has accepted the plan is determined by reference to section 1126. 11 U.S.C. §1126. Under section 1126(f) any class that is not impaired under the plan is conclusively presumed to have accepted the plan. 11 U.S.C. § 1126(f); *See In re* Victory *Const. Co., Inc.,* 42 B.R. at 152.

37. Because the Plan does not impair Classes 1 and 2, each of those classes is deemed to have accepted the Plan. *See* 11 U.S.C. § 1126(f). Classes 3, 4 and 5 are impaired under the Plan.

Accordingly, the holders of allowed claims in those classes were entitled to vote on the Plan. As set forth above, the members of Classes 3, 4 and 5 voted overwhelmingly to accept the Plan. Therefore, it is not necessary that the court consider the requirements of section 1129(b) with respect to the Plan. Moreover, because the Plan satisfies each of the requirements contained in section 1129(a), the Debtor is entitled to an order confirming the Plan.

38. Bankruptcy Code section 1129(a)(9) states the rules applicable to payment of those unsecured claims entitled to priority in distribution in chapter 11 cases. 11 U.S.C. § 1129(a)(9). With respect to priority claims of the kind specified in Bankruptcy Code section 507(a)(1), (2), or (7), 11 U.S.C. § 1129(a)(9) constitutes the only essential confirmation requirement related thereto since there is no reason to create a class or classes for section 507(a)(1), (2) and (7) claims in light of the fact that a majority of such classes cannot bind a minority to less favorable payment terms than those provided under section 1129(a)(9). *See* 7 *Collier on Bankruptcy,* 1129.03[9], p. 1129-55-60 (Matthew Bender 15th Ed. Revised). Unless the holder of such a priority claim agrees to less favorable treatment of its claim, section 1129(a)(9) requires the payment of first (section 507(a)(1)) and second (section 507(a)(2)) priority claims in full in cash on the effective date of the plan. 11 U.S.C. § 1129(a)(9)(A). There are no claims against the Debtor entitled to priority under section 507(a)(2) (ordinary course of business "gap" claims in an involuntary case). The Plan provides for appropriate treatment of section 507(a)(1) claims in compliance with section 1129(a)(9)(A).

39. Section 1129(a)(9)(B) requires that holders of section 507(a)(3), (4), (5) or (6) priority claims receive: (i) if such class has accepted the plan, deferred cash payments of a value, as of the effective date of the plan, equal to the allowed amount of such claim; or (ii) if such class has not accepted the plan, cash on the effective date of the plan equal to the allowed amount of such

claim. 11 U.S.C. § 1129(a)(B). There are no claims against the Debtor entitled to priority under section 507(a)(5) (claims against debtors who own or operate a grain storage facility or a fish produce storage or processing facility). Under the Plan, allowed claims entitled to priority, if any, pursuant to section 507(a)(3), (4), (5) and (6) are designated as members of Class 1 and, as set forth in the Plan, will be paid in full in cash on the Effective Date, or as soon thereafter as is administratively practicable, unless otherwise ordered by the court. Therefore, the treatment of such claims under the Plan satisfies the requirement of 11 U.S.C. § 1129(a)(9)(B).

40. Section 1129(a)(9)(C) requires that holders of section 507(a)(7) priority claims receive on account of such claims deferred cash payments, over a period not exceeding six years after the date of assessment of such claims, of a value, as of the effective date of the plan, equal to the allowed amount of such claims. 11 U.S.C. § 1 129(a)(9)(C). The Plan provides that the holders of allowed claims, if any, entitled to priority under section 507(a)(7) will be paid in full on the Effective Date or as soon thereafter as is administratively practicable. Thus, the treatment of section 507(a)(7) claims under the Plan complies with section 1129(a)(9)(C). *See, for general discussion, In re Camino Real Landscape Maint. Contractors,* 818 F.2d 1503 (9th Cir. 1987).

41. Bankruptcy Code section 1129(a)(l0) requires as a condition of confirmation that if a class of claims is impaired under the plan, at least one class of claims that is impaired under the plan has accepted the plan, determined without including any acceptance of the plan by any insider. 11 U.S.C. § 1129(a)(l0); *see In re Texaco Inc.,* 84 B.R.at 910. As discussed above, section 1126 provides the requirements for determining acceptance. Section 1129(a)(10) requires affirmative acceptance of a plan by at least one impaired class of claims, unless all classes of claims are left unimpaired. Classes 3 and 4 are the only impaired classes of "claims" under the Plan. The

voting members of Classes 3 and 4 have voted in favor of the Plan. *See* the detail of the voting results set forth above. Therefore, the requirements of 11 U.S.C. § 1129(a)(10) are satisfied.

42. Bankruptcy Code section 1129(a)(1l) requires as a condition of confirmation that the court find that confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan. 11 U.S.C. § 1129(a)(11); *see Kane v. Johns-Manville Corp.,* 843 F.2d at 649; *In re Sound Radio, Inc.,* 93 B.R. at 855-856; *In re Texaco Inc.,* 84 B.R. at 910. The feasibility standard is whether the plan offers a reasonable assurance of success. Success need not be guaranteed. *Kane v. Johns-Manville Corp.,* 843 F.2d at 649; *Prudential Insurance Co. v. Monnier (In re Monnier Brothers),* 755 F.2d 1336, 1341 (8th Cir. 1985); *In re American Solar King Corp.,* 90 B.R. 808, 832-833 (Bankr. W.D. Tex. 1988); *In re Prudential Energy Corp.,* 58 B.R. 857, 862 (Bankr. S.D.N.Y. 1986). Guaranteed success in the stiff winds of commerce without the protection of the Code is not the standard under section 1129(a)(l). Most debtors emerge from reorganization with a significant handicap. But a plan based on impractical or visionary expectations cannot be confirmed. *In re Prudential Energy Corp.,* 58 B.R. at 862, *citing In re Clarkson,* 767 F.2d 417, 420 (8th Cir. 1985); *see In re American Solar King Corp.,* 90 B.R. at 833.

43. The Plan is viable and much more than a mere "visionary scheme" and, therefore, satisfies the feasibility requirement of section 1129(a)(1l). *See In re Acequia, Inc.,* 787 F.2d at 1365, *citing In re Pizza of Hawaii,* 761 F.2d 1374, 1382 (9th Cir. 1985). The Plan assures claim holders of a liquidity event as a minimum and provides the opportunity for the Burns Family to meet or beat the liquidity event and retain the assets, providing claim holders with a significant dividend over time.

44. Bankruptcy Code section 1129(a)(12) mandates the payment of all fees required under 28 U.S.C. § 1930, including filing fees and United States Trustee Quarterly Fees. The Debtor believes that all such fees have been paid on a current basis and that no obligations in this regard will exist on the Effective Date of the Plan. In the event that any such fees are owing on the Effective Date they would be nominal in the context of the Plan and they will be paid. Thus, the requirement of section 1129(a)(12) is satisfied.

45. The Debtor is not obligated for any retiree benefits as that term is defined in section 1114, and therefore section 1129(a)(13) does not apply.

46. The Debtor has demonstrated that the Plan satisfies each of the requirements contained in section 1129(a). All classes impaired under the Plan have voted to accept the Plan. There is no need for the court to consider the requirements of section 1129(b). Therefore, the Debtor is entitled to an order of the court confirming the Plan.

Dated: February 9, 2011.

Respectfully Submitted,

ISC Building Materials, Inc.

By its attorney
Wyatt Legal Services, PLLC

/s/ Don Wyatt
By: Donald L. Wyatt, Jr.
SBA No. 24039262
26418 Oak Ridge Drive
The Woodlands, Texas 77380
281-419-8733 Phone
281-419-8703 Fax
don.wyatt@wyattpllc.com

Case 10-35732   Document 332   Filed in TXSB on 02/09/11   Page 18 of 18