

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
02/10/2011

| | | |
|---|---|---|
| IN RE: | § § | |
| ISC Building Materials, Inc., | § § | CASE NO. 10-35732 |
| Debtor | § § | CHAPTER 11 |

ORDER GRANTING
DEBTOR'S EXPEDITED MOTION FOR Order Under 11 U.S.C. §§ 105, 363, and 365 Approving: (A) Asset APA With Eric Toth ("Buyer") and Debtors' Assumption of Obligations Thereunder; (B) Sale of all the Debtors' Assets Related to Their Ennis Texas Division Known as Blazek Building Supply to Buyer Free and Clear of All Liens, Claims, Interests and Encumbrances; and (C) Assumption and Assignment of Certain Leases and Executory Contracts; 11 U.S.C. §§ 105, 363, and 365, AND, Authorizing Disbursement of Sale Proceeds to Senior Secured Creditor and others.

"SALE ORDER"

The Above captioned Motion came before the court for consideration and, following receipt of evidence and having considered the arguments of counsel, IT IS HEREBY FOUND AND DETERMINED THAT:

1. This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Determination of the Motion is a core proceeding under 28 U.S.C §§ 157(b)(2)(A) and (N). The statutory predicates for the relief requested are sections 105, 363, 365 and of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 2002, 6004, and 6006

3. The Debtors have followed the procedures for giving notice of the Motion and the Hearing on approval of the APA as set forth in the Bidding and Sales Procedures Order Doc#290.

4. The Sale Procedures have been followed with full compliance.

5. Proper, timely, adequate and sufficient notice of the Motion, the Hearing and approval of the Asset APA, the Sale and the transactions contemplated thereby has been provided in accordance with section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006 and the Bidding and Sales Procedures Order, and no other or further notice of the Motion, the Hearing or the entry of this Sale Order is required.

6. All interested persons and entities, including: (i) the Office of the United States Trustee, (ii) counsel for Debtor, (iii) the parties to the Assumed Contracts to the extent that they are listed creditors or have filed a proof of claim in this matter, (iv) all parties known to the Debtors to have or assert liens in the Assets, (v) all known creditors, including the list of creditors holding the twenty largest unsecured claims, (vi) counsel for any statutory committee appointed in these cases, and, (vii) all entities known to have expressed an interest in potentially acquiring Debtor's assets, have been afforded a reasonable opportunity to object to or be heard regarding the relief requested in the Motion.

7. The Debtors have marketed the Assets and conducted the sale process in compliance with the Bidding and Sales Procedures, the Orders of this Court and applicable law.

8. The Debtors have full corporate power and authority to execute the APA and all other documents contemplated thereby, and the sale of the Assets has been duly and validly authorized by all necessary corporate action of the Debtors. The Debtors have all the corporate power and authority necessary to consummate the transactions contemplated by the

APA and no consents or approvals, other than those expressly provided for in the APA, are required for the Debtors to consummate such transactions.

9. The APA, including without limitation the assumption and assignment of the Assumed Contracts, reflects the exercise of the Debtors' sound business judgment and a proper exercise of the Debtors' fiduciary duties

10. Approval at this time of the APA, and the transactions contemplated thereby, is in the best interests of the Debtors, their creditors, their estates, and other parties in interest.

11. The Debtors have demonstrated both (i) good, sufficient and sound business purpose and justification and (ii) compelling circumstances for consummating the Sale Transaction pursuant to section 363(b) of the Bankruptcy Code, in that, among other things: (a) the Debtors have been incurring, are incurring, and are projected to continue to incur substantial operating losses; (b) a prompt sale of this portion of the Debtor's assets will help maximize the value of the estate; (c) Buyer is a financially healthy purchaser and has made a substantial offer to acquire the Debtors' assets; and (d) the auction process proposed by the Debtors, approved by the Court in the Bidding and Sales Procedures Order and required by section 363 of the Bankruptcy Code has permitted Buyer's offer to be tested against other offers and the market generally.

12. The terms and conditions of the APA are fair and reasonable. The APA represents the highest and best offer for the Assets, and the purchase price payable thereunder is fair and reasonable. The APA will provide a greater recovery for the Debtors' estate than would be provided by any other practical available alternative.

13. The Sale and other transactions contemplated by the APA must be approved and consummated promptly in order to preserve the value of the Assets and facilitate the

continued operation of the balance of the Debtor's business operations as necessary to preserving the value of the Estate.

14. The APA was negotiated, proposed and entered into by the parties without collusion, in good faith and from arm's length bargaining positions. The Buyer is a buyer in good faith of the Assets under section 363(m) of the Bankruptcy Code and, as such, is entitled to the protections afforded thereby. Neither the Debtors nor the Buyer has engaged in any conduct that would cause or permit the APA and the transactions contemplated thereby to be avoided under section 363(n) of the Bankruptcy Code.

15. The transfer of the Assets and the assignment of the Assumed Contracts pursuant to the APA (a) are or will be legal, valid and effective transfers of property of the Debtors' estates to the Buyer, and (b) except as expressly provided in the APA with respect to Assumed Liabilities, vest or will vest the Buyer with the Debtors' right, title and interest in the Assets and the Assumed Contracts free and clear of liens, interests and encumbrances under section 363(f) of the Bankruptcy Code.

16. All amounts, if any, to be paid by the Debtors pursuant to the APA constitute administrative expenses under sections 503(b) and 507(a)(1) of the Bankruptcy Code and are immediately payable if and when any Debtor's obligation arises under the APA without further order of the Court.

17. Consummation of the Sale does not subject the Buyer to any debts, liabilities, obligations, commitments, responsibilities or claims of any kind against the Debtors or their property or any affiliate of the Debtors or its property, whether known or unknown, contingent or otherwise, whether existing as of the date hereof or hereafter arising, except that Buyer shall be liable for payment of the Assumed Liabilities.

18. All of the provisions of this Sale Order are non-severable and mutually dependent.

19. The relief requested in the Motion, including approval of the APA and the Sale, is in the best interests of the Debtors, their creditors and estates.

20. Each of the Assumed Contracts is an unexpired lease or executory contract within the meaning of section 365(a) of the Bankruptcy Code.

21. The cure amounts in respect of the Assumed Contracts that are either undisputed or will be determined by the Court at a hearing (the "Cure Amounts") or resolved by agreement among the Debtors and the claimants prior to such hearing, are the sole amounts necessary to cure all defaults, and to pay all actual or pecuniary losses that have resulted from such defaults, under the Assumed Contracts.

22. The Buyer has provided adequate assurance of Buyer's future performance under the Assumed Contracts (to be assigned to Buyer) within the meaning of sections 365(b)(l)(C) and (f)(2)(B) of the Bankruptcy Code.

23. The assumption and assignment of the Assumed Contracts pursuant to the APA is in the best interests of the Debtors, their creditors and their estates. The Assumed Contracts being assigned to Buyer are an integral part of the Assets and, accordingly, such assumption and assignment of Assumed Contracts is reasonable, enhances the value of the Debtors' estates and does not constitute unfair discrimination.

24. No defaults exist in the Debtors' performance under the Assumed Contracts as of the date of this Sale Order (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) other than the failure to pay amounts equal to the Cure Amounts.

25. The transfer of the Assets free and clear of liens, claims and interests as provided for in this Order is appropriate under the circumstances because (a) all secured creditors having a secured claim in the property to be sold under the APA have consented or, in the case of Governmental entities holding secured claims for ad valorum taxes levied in respect to the assets to be transferred under the APA, will be paid in full at closing; (b) the holders of secured claims could be legally compelled to accept cash in substitution for their security in the amounts to be disbursed pursuant to this Order and the APA.

26. The sale of the Assets to Buyer is a prerequisite to the Debtors' ability to confirm and consummate a plan or plans of reorganization or liquidation.

27. The transfer of the Assets and/or, the Assumed Contracts pursuant to the Sale is not subject to taxation under any federal, state, local, municipal or other law imposing or purporting to impose a stamp, transfer, recording, sale or any other similar tax on any of the Debtors' transfers or sales of personal property or other assets owned by it in accordance with sections 1146(c) and 105(a) of the Bankruptcy Code.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

    A. The Motion be, and it hereby is, granted.

    B. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, mooted or settled, and all reservations of rights included therein, are overruled on the merits.

    C. The terms and conditions and transactions contemplated by the APA are hereby approved in all respects, and the Sale is hereby approved in all respects and authorized and directed under section 363(b) of the Bankruptcy Code.

D. Pursuant to sections 363(b) and 365 of the Bankruptcy Code, the Debtors is hereby authorized, directed and empowered on the Closing Date to fully assume, perform under, consummate and implement the APA, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the APA and the transactions contemplated thereby, and to take all further actions as may reasonably be requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to the Buyer, or reducing to possession, any or all of the Assets, or as may be necessary or appropriate to the performance of the Debtors' obligations as contemplated by the APA. For all these same purposes, Brent A. Burns is hereby appointed the duly authorized representative of ISC Building Materials, Inc., with full power and authority in the name, place and stead of said ISC Building Materials, Inc., to execute any and all documents reasonably necessary to the foregoing.

E. Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, upon the closing under the APA, the Assets shall be transferred to the Buyer free and clear of all mortgages, security interests, conditional sale or other title retention agreements, pledges, liens, judgments; demands, encumbrances, easements, restrictions or charges of any kind or nature; if any (the foregoing collectively referred to as "Liens" herein) and all debts, liabilities, objections, commitments, responsibilities, claims (as that term in defined in the Bankruptcy Code), counterclaims, defenses, and offsets of any kind and nature, arising prior to the Closing Date or relating in any way to acts of the Debtors occurring prior to the Closing Date, however arising (the foregoing collectively referred to as "Claims" herein), with all such Liens and Claims to attach to the proceeds of the Sale in the order of their priority, with the same validity, force and effect that they now have as against the Assets, subject to the rights, claims,

defenses, offsets, demands and objections, if any, of the Debtors and all interested parties with respect to such Liens and Claims; provided, however, that Buyer shall remain liable for the Assumed Liabilities as provided in the APA.

F. The Debtor is authorized and directed to utilize and disburse the Sale Proceeds on the Closing Date (subject to Comerica Bank's final approval of the closing statement prior to closing) as follows:

(a) normal, standard, and customary closing costs of sale;

(b) $175,000 to the Gulfstar Group in partial satisfaction of its success fee; and

(c) the balance of the sale proceeds to Comerica Bank in partial satisfaction of its secured claims against the Debtor.

G. The sale proceeds shall not be subject to surcharge by the Debtor, the estate, or any successor to the Debtor and no fees, costs, or other expenses related to the sale of the Assets shall be deducted from the sale proceeds except for those set forth in Paragraph F herein.

H. Except for the fee owing to the Gulfstar Group, no broker or party has a claim to any commission as a result of having negotiated the APA on behalf of, or for, the Debtor or the Buyer.

I. Except as expressly provided by the APA with respect to Assumed Liabilities, all persons and entities holding Liens or Claims against the Debtors arising on or before the Closing Date, or out of events occurring prior to the Closing Date, of any kind and nature with respect to the Assets hereby are forever barred, estopped and

permanently enjoined from asserting such Liens and Claims of any kind and nature against the Buyer, its successors or assigns, or the Assets.

J.  Except as expressly provided in the APA with respect to Assumed Liabilities, the Buyer is not assuming nor shall it in any way whatsoever be liable or responsible, as a successor or otherwise, for any debts, liabilities, obligations, commitments or responsibilities of the Debtors or any debts, liabilities, obligations, commitments or responsibilities in any way whatsoever relating to or arising from the Assets, or the Debtors' operations or use or ownership of the Assets (including, without limitation, the Assumed Contracts), prior to consummation of the transactions contemplated by the APA.

K.  Except as expressly provided in the APA with respect to Assumed Liabilities, no person or entity, including without limitation, any federal, state or local governmental agency, department or instrumentality, shall assert by suit or otherwise against the Buyer or its successors in interest any claim that they had, have or may have against the Debtors, or any debt, liability, obligation, commitment or responsibility relating to or arising from the Assets, or the Debtors' operations or use of the Assets, and all persons and entities are hereby enjoined from asserting against the Buyer in any way any such claims, debts, liabilities, obligations, commitments or responsibilities.

L.  Subject to the terms of the APA, in accordance with section 365 of the Bankruptcy Code, the Debtor is hereby authorized and directed to (a) assume and assign to the Buyer each of the Assumed Contracts as set forth in the APA pursuant to the provisions of section 365 of the Bankruptcy Code, in each case free and clear of all Liens and Claims, and (b) execute and deliver to the Buyer such documents or other

instruments as may be necessary to assign and transfer such Assumed Contracts to the Buyer, all as of the Closing Date.

M.  All defaults or other obligations of the Debtors under the Assumed Contracts arising or accruing prior to the date of this Sale Order (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be deemed cured upon payment by the Debtors at the Closing of the Sale and the assumption and assignment of Assumed Contracts and other transactions contemplated thereby, or as soon thereafter as practicable, of the Cure Amounts.

N.  The Assumed Contracts shall, upon assignment to the Buyer, be deemed to be valid and binding and in full force and effect and enforceable in accordance with their terms notwithstanding any provision in any such Assumed Contract (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts or conditions such assignment or transfer and, pursuant to section 365(k) of the Bankruptcy Code, the Debtors shall be relieved from any liability for any breach of such Assumed Contracts occurring after such assignment.

O.  Each non-Debtor party to an Assumed Contract is hereby forever barred, estopped and permanently enjoined from asserting against the Buyer or its successors or assigns any default existing as of the Closing Date or any Claim asserted orassertable against the Debtors.

P.  On and after the Closing Date, each of the Debtors' creditors, including, but not limited to Comerica Bank, are directed to execute such documents and take all other actions as may be necessary to release Liens on or Claims, if any, against the Assets, as such Liens or Claims may have been recorded or may otherwise exist.

Q. This Sale Order (a) is and shall be effective as a determination that, on the Closing Date, all Liens existing on the Assets prior to the Closing Date have been unconditionally released, discharged and terminated, and that the conveyance of the Assets has been effected, and (b) is and shall be binding upon and govern the acts of all entities including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, registrars of patents, trademarks or other intellectual property, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, rile, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Assets.

R. Each and every federal, state and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA.

S. If any person or entity that has filed financing statements or other documents or agreements evidencing Liens on or interests in the Assets shall not have delivered to the Debtors prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Liens or other interests that the person or entity has with respect to the Assets or otherwise, then (a) the Debtor is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Assets, and (b) Buyer is hereby authorized to file, register or otherwise record a certified copy of this Sale Order, which, once rfled, registered, or

otherwise recorded, shall constitute conclusive evidence of the release of all Liens or other interests of any kind or nature whatsoever in the Assets.

T. All entities who are presently, or on the Closing Date may be, in possession of some or all of the Assets are hereby directed to surrender possession of said Assets to the Buyer on the Closing Date.

U. Nothing contained in any Chapter 11 plan confirmed in this case or the order of confirmation confirming any such Chapter 11 plan or any other order entered in this case shall conflict with or derogate from the provisions of the APA or the terms of this Sale Order.

V. The APA and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement is not material. The transfer of the Assets and/or the Assumed Contracts pursuant to the Sale is not subject to taxation under any federal, state, local, municipal or other law imposing or purporting to impose a stamp, transfer, recording, sale or any other similar tax on any of the Debtor's transfers or sales of real estate, personal property or other assets owned by it in accordance with sections 1146(c) and 105(a) of the Bankruptcy Code.

W. Except as expressly provided in the APA with respect to Assumed Liabilities, the Buyer is not acquiring or assuming, and the consummation of the Sale shall not subject the Buyer to any Claims of any kind or nature whatsoever, whether known or unknown, contingent or otherwise, existing as of the date hereof or hereafter arising, of or against the Debtor, any affiliate of the Debtor, or any other person under the laws of the United States, any state, territory or possession thereof or the District of

Columbia, or any Nation which is a participant or party to any treaty of accommodation recognized under Chapter 15 of the Bankruptcy Code and applicable to such transactions.

X. The Buyer shall be entitled to the protections of section 363(m) of the Bankruptcy Code if this Sale Order or any authorization contained herein is reversed or modified on appeal.

Y. Subject to the provisions of, and except as provided in the APA, this Court retains jurisdiction (i) to enforce and implement the terms and provisions of the APA, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith, (ii) to compel delivery of the Assets to the Buyer, (iii) to compel delivery of the Purchase Price and all adjustments to the Purchase Price under the APA, (iv) to resolve any disputes, controversies or claims arising out of or relating to the APA, and ( v) to interpret, implement and enforce the provisions of this Sale Order.

Z. The terms and provisions of the APA, together with all the terms and provisions of this Sale Order, shall be binding in all respects upon the Debtor, its estate and creditors, the Buyer, and their respective affiliates, successors and assigns, and any affected third parties including but not limited to all non-Debtor parties to the Assumed Contracts to be assigned to the Buyer pursuant to the APA, and all persons asserting a Claim against or interest in the Debtor's estate or any of the Assets to be sold to the Buyer pursuant to the APA.

AA. The APA and the transactions contemplated thereby shall be specifically performable and enforceable against and binding upon, and not subject to rejection or

avoidance by, the Debtors or any Chapter 7 or Chapter 11 trustee of the Debtors and their respective estates.

BB. The failure specifically to include any particular provisions of the APA in this Sale Order shall not diminish or impair the efficacy of such provisions, it being the intent of the Court that the APA is hereby approved in its entirety.

Dated: Feb 10, 2011

KAREN BROWN
UNITED STATES BANKRUPTCY JUDGE

Approved as to Form and Substance:

**WINSTEAD PC**

By: /s/ Frasher Murphy
5400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2199
(214) 745-5400
(214) 745-5390 (Facsimile)
J. Frasher Murphy - SBT# 24013214
**ATTORNEYS FOR COMERICA BANK**

Wyatt Legal Services, PLLC

By: /s/ Don Wyatt
Donald L. Wyatt, Jr. SBT#24039262
26418 Oakridge Drive
The Woodlands, Texas 77380
Telephone: (281) 419-8733
Facsimile: (281) 419-8703
**ATTORNEYS FOR THE DEBTOR,
ISC Building Materials, Inc.**

Okin, Adams and Kilmer, PC

By: Chris Adams
Christopher Adams
Texas Bar No. 24009857
Email: cadams@oakllp.com
1113 Vine St. Suite 201
Houston, TX 77002
Tel: (713) 228-4100
Fax: (888) 865-2118
**COUNSEL FOR THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS**