IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
(HOUSTON DIVISION)

ENTERED
02/14/2011

| | |
|---|---|
| In re: ) | |
| ) | |
| ISC Building Materials, Inc. ) | Case No. 10-35732 |
| A Texas Close Corporation, ) | (Chapter 11) |
| ) | |
| Debtor. ) | |
| ) | |

### ORDER CONFIRMING DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 9, 2011.

1. The Plan entitled, "SECOND AMENDED PLAN OF REORGANIZATION PROPOSED BY THE DEBTOR (February 9, 2011) (Doc# 343) (the "Final Plan") is the result of certain modifications of the FIRST AMENDED Plan of Reorganization Proposed by the Debtor (Doc# 286) as published to creditors and equity security holders, which amendments were incorporated into the Plan. Those amendments are as follows:
    a. §1.32 – Changed by removing final period and adding, ", but in no event later than March 31, 2011."
    b. §3.1 – Amended to remove the sentence stating, "The fees of counsel for the Debtor, and counsel for the Official Committee of Unsecured Creditors reflected on Monthly fee notices pursuant to said administrative orders and filed with the court prior to the date of the Confirmation Order on this Plan shall be deemed finally allowed as of the Effective Date of the Plan. Fees sought by Professionals incurred or invoiced for any period not previously filed with the court prior to the date of the Confirmation Order on the Plan shall remain subject to approval of the court according to the terms of said pre-confirmation administrative orders.
    And replace that sentence with:
    "Fees sought by Professionals incurred or invoiced shall remain subject to approval of the court   according to the terms of said pre-confirmation administrative orders."
    c. § 3.3 – Changed by removing the period at the end of the first sentence of the section after the words, "Bankruptcy Code" and inserting ", and orders entered by the Court in this Bankruptcy case."
    d. § 2.1 - Changed "Class 1 shall consist of creditors holding Allowed Claims for administrative expenses. . ." to "Class 1 shall consist of creditors holding allowed Administrative Claims for administrative expenses. . ."
    e. § 3.1 - Changed "in accordance with the ordinary business terms of payment of such Class 1 Claims" to "in accordance with the ordinary business terms of payment of such Class 1 Claims or, if already beyond the ordinary business terms of any particular Class 1 Claim, then on the Effective Date".

  f. Added new section 10.11 to provide as follows:

   "<u>State Tax Authorities</u>. In resolution of the objections of the State Law Taxing Authorities, and notwithstanding any other provision of this plan, the secured ad valorem tax claims of these State Law Taxing Authorities shall be paid in full, including interest under 11 USC 506(b) on their pre-petition tax claims, at their statutory rate of 12% per annum.

   Furthermore, the State Law Taxing Authorities shall retain all liens they currently hold, whether for pre-petition tax years or for the current tax year, on any property of the debtors until they receive payment in full of all taxes, and interest owed to them under the provisions of this Plan, and their lien position shall not be diminished or primed by any Exit Financing approved by the Court in conjunction with the confirmation of this Plan.

   Ad valorem taxes for the 2011 tax year are to be timely paid in the ordinary course without the necessity of the filing of administrative expense claims or requests for payment, and if not so timely paid, will be subject to state court collection procedures without the necessity of further recourse to the Bankruptcy Court."

  g. Added new section 10.12 to Miscellaneous provisions as follows: "<u>Designation of Initial Trustee by Unsecured Creditors Committee</u>: The Trustee of the ISCBM Post Confirmation Trust, if one is established as provided herein, shall initially be designated by the Official Committee of Unsecured Creditors within 5 days of the date on which a winning bidder for the Drywall Division is announced."

  h. Amended page 6 Paragraph 1 of the Bidding and Sales Procedures (Doc 286-1, page 6 of 8) by striking the date February 4, 2011 and inserting in its place the date February 11, 2011.

  i. Amended page 7 Paragraphs 4, 4c and 5 of the Bidding and Sales Procedures (Doc 286-1, page 7 of 8) by striking the date February 14, 2011 in each appearance and inserting in its place the date February 17th in its place.

  j. Amended page 6 Paragraph 11 of the Bidding and Sales Procedures (Doc 286-1, page 6 of 8) by striking the date February 17, 2011 and inserting in its place the date February 21, 2011.

  k. Amended page 6 Paragraph 11 of the Bidding and Sales Procedures (Doc 286-1, page 6 of 8) by striking the date February 18, 2011 and inserting in its place the date February 22, 2011.

2. The definition of all remaining assets on page 8 of the Plan shall be read broadly to include, but not limited to, all causes of action which are being litigated in the Chapter proceeding at the Effective Date of the Plan.

3. The Court specifically finds and concludes that the amendments incorporated into the Final Plan and provisions ordered above respecting ad valorem tax authorities are such that under the provisions of 11 U.S.C. §1127(a), and FBR 3019, no further solicitation of the classes of claims and equity security holders was required. The Plan complies with applicable provisions of the law.

4. The proponent has complied with the provisions of Chapter 11 of the Code.

5. The Plan has been proposed in good faith and not by any means forbidden by law.

6. All payments made or promised by the Debtor or by a person issuing securities or acquiring property under the Plan or by any other person for services or for costs and expenses or in connection with the Plan and incident to the case, have been fully disclosed to the Court and are reasonable or, if to be fixed after confirmation of the Plan, will be subject to the approval of the Court.

7. The Debtor has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as the directors or officers of the Debtor or as a successor to the Debtor and their continuance as directors or Officers or as successor to the Debtor under the plan is consistent with the interests of creditors, equity security holders and other parties in interest, and with public policy.

8. There are no governmental agencies with regulatory jurisdiction over the rates of the debtor. However the plan does not provide for any treatment of such issues in a fashion inconsistent with 11 USC 1129(6).

9. With respect to each impaired class of claims or interests, each holder of a claim or interest of such class has (a) accepted the Plan, or (b) will receive on account of such claim property of a value that is not less than what the holder would receive if the Debtor was liquidated under Chapter 7.

10. With respect to each class of claims or interests: Class 3, an impaired secured class, has accepted the plan, Class 4, an impaired unsecured class, has accepted the Plan, Class 5, the Class of Equity Interests has accepted the plan, all other classes are not impaired under the Plan.

11. The Plan otherwise meets the requirements for confirmation specified under 11 U.S.C. § 1129.

12. The plan does not discriminate unfairly, and is fair and equitable, with respect to all classes that have not accepted the plan.

13. With respect to the holders of secured claims, the plan provides for the continuation of the liens securing those claims to the extent of the allowed amount of such claims and each holder of a claim of such a secured class will receive on account of such claim cash payments totaling at least the allowed amount of such claim of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property. In any event, the plan provides the holders of all secured claims with the realization of the indubitable equivalent of such claims.

14. All holders of Interests have accepted the plan.

It, therefore, having been determined after hearing on notice that the requirements for confirmation set forth in 11 U.S.C. 1129(a) have been satisfied;

It is ORDERED that:

The Plan filed by ISC Building Materials, Inc. on January 24, 2011 as modified on February 9, 2011, (Doc# 343) is confirmed.

A copy of the confirmed plan and all attachments thereto is attached.

Dated: _____FEB 1 4 2011_____

United States Bankruptcy Judge
KAREN BROWN